**FILED**
FEB 0 5 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>TABITHA QUINONES, also known )<br>as "Evelis Bailer" ) | No. 02 CR 1237<br>Judge Milton I. Shadur |

DOCKETED
FEB 07 2003

## PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, TABITHA QUINONES, and her attorney, PAUL BRADLEY, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(e)(1)(C), as more fully set forth in Paragraph 17, below.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant, TABITHA QUINONES, and her attorney, PAUL BRADLEY, have agreed upon the following:



1.  Defendant acknowledges that she has been charged in the indictment in this case with conspiring with others to make materially false statements and representations in documents submitted to the United States Social Security Administration, in violation of Title 18, United States Code, Section 371 and 2.

2.  Defendant has read the charge against her contained in the indictment, and that charge has been fully explained to her by her attorney.

3.  Defendant fully understands the nature and elements of the crime with which she has been charged.

4.  Defendant will enter a voluntary plea of guilty to the indictment in this case.

5.  Defendant will plead guilty because she is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts, and that those facts establish her guilt beyond a reasonable doubt:

As charged in the indictment, from at least in or about November 1999, continuing through in or about November 2000, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant conspired with Joseph Kalady and others to commit offenses against the United States, namely to in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and wilfully make and use a false writing and document knowing the same to contain materially false, fictitious and fraudulent statements and

entries, in violation of Title 18, United States Code, Section 1001(a)(3) and 2.

Specifically, from at least in or about November 1999, continuing through in or about November 2001, defendant QUINONES in exchange for a fee fraudulently applied for social security cards at the request of Joseph Kalady. Kalady operated a fraudulent document mill out of a storefront on Irving Park Road in Chicago. Kalady, using a computer and printer, created counterfeit and fraudulent birth certificates. Kalady's sister Deamonda Smith obtained legitimate blank immunization records, filled them in with bogus immunization information, and forged the doctor's signature.

Kalady paid various women, including defendant QUINONES, to submit these counterfeit and fraudulent documents to the United States Social Security Administration in support of fraudulent applications for social security cards. Defendant QUINONES in her social security card applications falsely and fraudulently represented that she was applying for social security cards on behalf of her young children, when in fact she was applying for social security cards in the names of Kalady's various adult "customers."

Defendant QUINONES agreed to and did assist Kalady in this document fraud conspiracy by using the counterfeit and fraudulent documents provided to her by Kalady and his assistants Andrew Waclaw and Deamonda Smith to support her fraudulent social security card applications. During her

3

involvement in the conspiracy, defendant QUINONES submitted to the United States Social Security Administration, an agency of the executive branch of the United States, approximately 28 separate fraudulent social security card applications.

6. For purposes of applying the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, the parties agree on the following points:

(a) Pursuant to Guideline § 2L2.1(a), the base offense level is 11;

(b) Pursuant to Guideline § 2L2.1(b)(2)(B), the offense level must be increased by 6 because the offense involved more than 25, but less than 99, separate counterfeit and fraudulent immunization records;

(c) Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to accept responsibility for her actions, within the meaning of Guideline 3E1.1, a two-level reduction in the offense level is appropriate;

(d) Defendant has notified the government timely of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, within the meaning of Guideline 3E1.1(b); an additional one-point reduction in the

4

offense level is therefore appropriate, provided the Court determines the offense level to be 16 or greater prior to the operation of Guideline 3E1.1(a);

(e) Based on the facts known to the government, the defendant has 0 criminal history points, and her criminal history category consequently is I;

(f) The defendant and her attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

7. Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw her plea on the basis of such corrections.

8. Defendant understands the count to which she will plead guilty carries a maximum penalty of five years imprisonment, a maximum fine of $250,000, a term of supervised of a least two but not more than three years, which the Court may specify, and any restitution ordered by the Court.

9. The defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, the defendant will be assessed $100 on the count to which she has pled guilty, in addition to any other penalty imposed. The defendant agrees to pay the special assessment of $100 at the time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

10. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charge against her, she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and her attorney would have a say in who the jurors would be by

removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

7

11. Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights. Defendant further understands she is waiving all appellate issues that might have been available if she had exercised her right to trial, and only may appeal the validity of this plea of guilty or the sentence.

12. The defendant is also aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

13. Defendant understands that the indictment and this Plea Agreement are matters of public record and may be disclosed to any party.

14. Defendant agrees she will fully and truthfully cooperate with the government in any matter in which she is called upon to cooperate, including, but not limited to, matters that are related to or results from the charges in this case, as well as matters that are related to or results from the charges filed

8

against Joseph Kalady and others in 01 CR 662, 01 CR 703, and 01 CR 1069.

(a) Defendant agrees to provide complete and truthful information in any investigation and pre-trial preparation, and complete and truthful testimony, if called upon to testify, before any federal grand jury and United States District Court proceeding, and any related civil administrative or court proceeding.

(b) Defendant agrees to postpone her sentencing until after the conclusion of the prosecution of all individuals involved in this case, as well as in 01 CR 662, 01 CR 703, and 01 CR 1069.

15. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against her, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

16. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against her, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

17. At the time of sentencing, the government shall make known to the sentencing judge the extent of defendant's

cooperation, and, assuming the defendant's full and truthful cooperation, shall move the Court, pursuant to Sentencing Guideline 5K1.1, to depart from the applicable sentencing guidelines range, and to impose the specific sentence agreed to by the parties as outlined below. Defendant understands that the decision to depart from the applicable guidelines range rests solely with the Court. However, this Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(e)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of two-thirds of the low-end of the applicable sentencing guidelines range. Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration set forth, the defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(e)(2) and (4). If, however, the Court refuses to impose the agreed term of incarceration set forth herein, thereby rejecting the Plea Agreement, or otherwise refuses to accept the defendant's plea of guilty, this Agreement shall become void and neither party will be bound thereto.

18. Defendant understands that her compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. She further

10

understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Agreement, or to resentence the defendant. The defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and the Government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

19. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

20. Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

21. Defendant acknowledges that she has read this Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: ~~12/27/02~~ T.M.F. February 5, 2003

*Patrick J Fitzgerald by WP*
PATRICK J. FITZGERALD
United States Attorney

*[signature]*
T. MARKUS FUNK
Assistant United States Attorney

*[signature]*
TABITHA QUINONES
Defendant

*[signature]*
PAUL BRADLEY
Attorney for Defendant